## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Case No. 16-52829 |
| | : | |
| ROBERT M. SHUTT, | : | Chapter 13 |
| | : | |
| Debtor. | : | Judge John E. Hoffman, Jr. |
| | : | |

### SUBSTITUTE MOTION OF CREDITOR/INTERESTED PARTY THOMAS & MARKER CONSTRUCTION CO. FOR AN ORDER CONFIRMING NO AUTOMATIC STAY IS IN EFFECT PURSUANT TO 11 U.S.C. § 362(c)(4)(A)(ii)

Now Creditor and Interested Party Thomas & Marker Construction Co. ("T&M"), by and through undersigned counsel, who respectfully requests an Order from the Court confirming that no automatic stay is in effect pursuant to 11 U.S.C. § 362(c)(4)(A)(ii).  The reasons in support of this Motion are set forth in the Memorandum in Support, below.

Respectfully submitted,

THOMPSON, DUNLAP & HEYDINGER, Ltd.

*/s/ Zebulon N. Wagner*
Zebulon N. Wagner (#0084337)
Terrence G. Stolly (#0073266)
1111 Rush Avenue, P.O. Box 68
Bellefontaine, Ohio  43311
Telephone:  (937) 593-6065
Fax:  (937) 593-9978
E-Mail: zwagner@tdhlaw.com
        tstolly@tdhlaw.com

ATTORNEYS FOR THOMAS & MARKER
CONSTRUCTION CO.

<u>**MEMORANDUM IN SUPPORT**</u>

**I.  <u>Summary Argument:</u>**

T&M is entitled to an Order from the Court confirming that no automatic stay is in effect pursuant to 11 U.S.C. § 362(c)(4)(A)(ii) because Debtor Robert M. Shutt ("Debtor") has had two single bankruptcy cases pending within the previous year, in addition to the instant Chapter 13 action, that were dismissed.  Therefore, the stay imposed under subsection (a) of 11 U.S.C. § 362 shall not go into effect upon the filing of this Chapter 13 bankruptcy case.  Accordingly, T&M respectfully requests that this Court issue an Order confirming that no automatic stay is in effect pursuant to 11 U.S.C. § 362(c)(4)(A)(ii).

**II.  <u>Procedural History and Factual Background:</u>**

Debtor initiated these Chapter 13 proceedings upon the filing of his Voluntary Chapter 13 Petition on April 29, 2016.  This is Debtor's *third* Chapter 13 action in the last year.  Debtor initiated his first Chapter 13 action, captioned *In re: Robert M. Shutt*, Case No. 15-53982 (the "First Chapter 13"), on June 17, 2015.  The First Chapter 13 was dismissed on August 19, 2015.  Copies of the Dismissal and Objection by the Trustee to Confirmation entered in the First Chapter 13 are attached hereto and incorporated herein as **Exhibit A**.  Debtor initiated his second Chapter 13 action, captioned *In re: Robert M. Shutt*, Case No. 15-56318 (the "Second Chapter 13"), on September 30, 2015.  The Second Chapter 13 was dismissed on March 9, 2016.  Copies of the Dismissal and Objection by the Trustee to Confirmation entered in the Second Chapter 13 are attached hereto and incorporated herein as **Exhibit B**.[1]  All three Chapter 13 actions have been filed within the past eleven months.

---

[1] All three Chapter 13 actions were assigned to the Honorable Judge John E. Hoffman, Jr.

### III. Argument:

Section 362(c)(4)(A) is clear.  If a single case is filed by an individual debtor, and if two or more single cases of the debtor were pending within the previous year but were dismissed, the automatic stay imposed under subsection (a) of 11 U.S.C. § 362 shall not go into effect upon the filing of this Chapter 13 bankruptcy case.  (11 U.S.C. § 362(c)(4)(A)(i)).  Further, on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.  (11 U.S.C. § 362(c)(4)(A)(ii)).

Here, the instant action is Debtor's *third* Chapter 13 Bankruptcy action in the last eleven months.  Debtors previous two bankruptcy actions (the First Bankruptcy and the Second Bankruptcy) were both dismissed.  Accordingly, pursuant to 11 U.S.C. § 362(c)(4)(A)(i), no automatic stay under 11 U.S.C. § 362(a) went into effect upon the filing of this case.

Despite this fact, Debtor filed pleadings in a pending state court action captioned *Thomas & Marker Construction Co. v. Robert M. Shutt d/b/a R&S Masonry*, Knox County Case No. 15FR01-0028, which is a foreclosure action (the "Foreclosure Action"), that misrepresent that an automatic stay issued from this Court.  A true and accurate copy of the Notice of Bankruptcy and Suggestion of Stay that was erroneously filed in the Foreclosure Action is attached hereto and incorporated herein as **Exhibit C**.  The result of this false filing was that the Sheriff's Sale set for April 29, 2016 was set aside.  Debtor has twice stayed the Foreclosure Action on the eve of the Sheriff's Sale on the basis of automatic stays issued upon the filing of the First and Second Chapter 13 actions, only to have each of the prior Chapter 13 bankruptcy actions dismissed.  The attached Exhibit C, resulting in a third stay of the Foreclosure Action proceedings, has caused T&M significant expense.  Clearly, Debtor is not filing his Chapter 13 actions in good faith.  In

fact, under these facts, 11 U.S.C. § 362(c)(4)(D)(i)(I)-(II) presumes Debtor has not filed the

instant Chapter 13 action in good faith.

   For all the reasons stated herein, T&M respectfully requests that the Court (i) promptly

enter an order confirming that no automatic stay is in effect; and (ii) order sanctions and

attorney's fees be paid by Shutt for his actions herein.

        Respectfully submitted,

        THOMPSON, DUNLAP & HEYDINGER, Ltd.

        */s/ Zebulon N. Wagner*
        Zebulon N. Wagner (#0084337)
        Terrence G. Stolly (#0073266)
        1111 Rush Avenue, P.O. Box 68
        Bellefontaine, Ohio  43311
        Telephone:  (937) 593-6065
        Fax:  (937) 593-9978
        E-Mail: zwagner@tdhlaw.com
          tstolly@tdhlaw.com

        ATTORNEYS FOR THOMAS & MARKER
        CONSTRUCTION CO.

## **NOTICE OF MOTION**

Thomas & Marker Construction Co. has filed papers with the court to confirm that no automatic stay is in effect.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Motion, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the Motion,** you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to 170 N. High St., Columbus, OH 43215 OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF system or by 2) regular U.S. Mail to:

THOMAS & MARKER CONSTRUCTION CO.
2084 US 68 South, P.O. Box 250
Bellefontaine, Ohio 43311

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief without further hearing or notice.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4th, 2016, a copy of the foregoing Motion was served on the following registered ECF participants, as well as all other registered interested ECF participants, electronically through the court's ECF System at the email address registered with the court:

### <u>Via ECF to the following:</u>

Faye D. English
Chapter 13 Trustee
10 W. Broad St. Suite 900
Columbus, Ohio 43215

U.S. Trustee
Office of the US Trustee
170 N. High St., Suite 200
Columbus, OH 43215

Kenneth L. Sheppard, Jr.
2600 Tiller Lane
Suite A
Columbus, OH 43231-2264
*Attorney for Debtor*

### <u>Via Regular U.S. Mail to the following:</u>

Robert M. Shutt
PO Box 128
Fredericktown, OH 43019

*/s/ Zebulon N. Wagner*
Zebulon N. Wagner (#0084337)
*Attorney for Thomas & Marker Construction Co.*